UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 3:99CR266 (RNC) |
| : | |
| HORACE RICHARDS : | |

### RULING AND ORDER

In October 2011, Horace Richards was sentenced to 262 months' imprisonment and ten years' supervised release following his plea of guilty to conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.  He moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may reduce a term of imprisonment if the defendant has been sentenced based on a guideline range that has been lowered by the Sentencing Commission.  For the reasons that follow, the motion is **denied.**

Defendant seeks a reduction of his sentence based on Amendment 782, which authorizes a two-level reduction in a defendant's offense level for certain drug offenses, effective November 1, 2014.[1]  He argues that based on Amendment 782, his sentence should be reduced to a sentence of 210 months.

---

[1] Amendment 782 reduces by two levels the offense levels assigned to the quantities that trigger the statutory minimum penalties in § 2D1.1 and § 2D1.11 of the Sentencing Guidelines. The Amendment applies retroactively to those sentenced prior to November 1, 2014.

1

Defendant does not qualify for a sentence reduction because his guideline range has not been lowered by Amendment 782.  At the time of the original sentencing, the Court determined that the defendant was a career offender under U.S.S.G. § 4B1.1, with a total offense level of 34.[2]  Amendment 782 does not change the career offender guidelines; thus defendant is not eligible for a sentence reduction under the Amendment.  See U.S.S.G. § 1B1.10, Application Note 1 ("A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision."); see also, e.g., Newton v. United States, No. 02 CR 476 KTD, 2014 WL 6491961, at *1 (S.D.N.Y. Nov. 17, 2014) ("Because [defendant] was sentenced by this Court as a Career Offender, pursuant to United States Sentencing Guideline § 4B1.1, he is not eligible for a reduction under 18 U.S.C. § 3582(c)(2).").

SO ORDERED this 5th day of December, 2014, at Hartford, Connecticut.

                              /s/ RNC
                              Robert N. Chatigny
                        United States District Judge

---

[2] An offense level of 34, combined with a criminal history category of VI, results in a guideline range of 262-327 months imprisonment.